IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARCUS DEWAYNE DAVIS, #K4440

VS.                                              CIVIL ACTION NO. 2:10cv271-KS-MTP

LAWRENCE KELLY, et al

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATIONS
AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER</u>

This cause is before the Court on Motion of Marcus Dewayne Davis for a temporary restraining order and/or a preliminary injunction [22][38], Report and Recommendation of Magistrate Judge Michael T. Parker [73] and the Court considering the record, pleadings, the above documents and being fully advised in the premises, finds as follows:

I. FACTUAL BACKGROUND

Plaintiff Marcus Dewayne Davis, proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to 42 U.S.C. § 1983 on or about November 22, 2010. In his voluminous complaint and amended complaints, and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges claims for excessive force and retaliation against Defendants Mark McClain, David Clark, Adrian Keys, and Lisa Heandon; a failure to protect claim against Defendants Patsy Moore, Theresa Seabrook, Regina Hancock, Penny Bufkin, and Lisa Heandon; a claim for the denial of adequate medical care against Defendants Lawrence Kelly, Emmitt Sparkman, Ron King, and Timothy Morris; a retaliation claim against Ron King; and due process violation claims against Defendants Ronda Johnson, Docrus McLeod, and Diane Massey. *See* Omnibus Order [69].

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI") and the Mississippi State Penitentiary in Parchman, Mississippi. Plaintiff is currently incarcerated at the East Mississippi Correctional Facility ("EMCF").

In his first Motion for a Temporary Restraining Order [22], Plaintiff claims he is being retaliated against for filing complaints against the staff at SMCI. He seeks a thorough investigation into the disciplinary system at SMCI and claims the retaliation will continue as long as he is housed at SMCI.

In his second Motion for a Temporary Restraining Order [38], Plaintiff again complains about the constitutionality of the disciplinary procedures at SMCI. He also asks to be transferred to a mental facility and that his Rule Violation Reports ("RVRs") be expunged.

Defendants claim Plaintiff is not entitled to injunctive relief because he has failed to demonstrate the four elements discussed below.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421

(5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  MOVANT'S OBJECTIONS AND ANALYSIS

Davis objects to the Report and Recommendation by saying that he has established the requirement for a temporary restraining order. He argues the merits of his case, but in doing this he misses the point. The matters that he states address the merits and the merits will be considered at the trial. There has been nothing shown that would require a temporary restraining order or preliminary injunction. Many of his complaints arise out of actions or inactions at SMCI. He is no longer at SMCI and there has been no other reason established that would justify the granting of a temporary restraining order or preliminary injunction,

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Davis' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the Motion for Temporary Restraining Order And/Or Preliminary Injunction [22][28] be and the same are hereby **denied.**

SO ORDERED on this, the 30th day of November, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE